UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 1:05-CR-189

v.                                        HON. GORDON J. QUIST

AMSIE DESHON WRIGHT,

       Defendant.

_____/

## ORDER GRANTING IN PART MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

In 2005, Defendant, Amsie Deshon Wright, pled guilty to one count of possession with intent to distribute cocaine base and one count of felon in possession of a firearm.  (ECF No. 18.) United States District Judge Robert Holmes Bell sentenced Wright to 180 months in prison followed by a five-year term of supervised release.[1] Wright began serving his term of supervised release on February 15, 2019.  He has filed a motion requesting an early termination of supervised release. (ECF No. 71.)

Section 3583(e) of Title 18 of the United States Code provides for modification and termination of a term of supervised release. After considering statutory factors in § 3553(a), a court may terminate a term of supervised release after one year of supervised release if the court finds that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such

---

[1] The sentence consisted of 180 months imprisonment and five years supervised release on the drug conviction and 120 months imprisonment and five years supervised release on the firearm conviction to be served concurrently.

as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002).

But, "mere compliance with the conditions of release is not enough to merit early termination of

supervised release because '[m]odel prison conduct and full compliance with the terms of

supervised release is what is expected of a person under the magnifying glass of supervised

release.'" *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015) (quoting

*United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

Having reviewed the record and considered the factors in 18 U.S.C. § 3553(a)(1)-(7), the

Court finds that the interest of justice warrants an early termination of Wright's supervised release.

18 U.S.C. § 3583(e)(1).  As the government concedes in its response, several factors weigh towards

an early termination: "Wright's steady employment, his positive relationships, and his stable

residence are strong indicators of pro-social behavior and a path for personal and financial stability

and success."  (ECF No. 74 at PageID.304.) The government, however, contends that the Court

should wait to terminate Wright's supervision until after he has served three years of his five-year

term.  The Court finds that waiting another fourteen months is unnecessary.  Wright is currently

on the administrative caseload. He has successfully completed over two years of supervision

without any issue. The Court commends Wright on his behavior. As long as Wright continues to

comply with his conditions of supervised release, the Court will terminate his supervision after he

successfully completes half of his five-year supervision term.

**Accordingly, IT IS HEREBY ORDERED** that the supervised release of Amsie Deshon

Wright shall terminate as of Midnight, on **August 16, 2021**, provided that he has no violation of

supervised release prior to that date.

Dated: June 29, 2021                                                  /s/ Gordon J. Quist
                                                                   GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE